UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE HOWARD | CIVIL ACTION |
| VERSUS | NO. 10-1623 |
| PATRICK GREEN , ET AL. | SECTION "A" (4) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that the matter can be disposed of without an Evidentiary Hearing.

### I.    Factual Background

The plaintiff, Wayne Howard ("Howard") filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the Patrick Green Virginia Madere, Amanda Prudhomme, Francisco Dean, Benny Stevens, Lyndsey Norton, and the New Orleans Parole Office. He complains that on October 31, 2008, the defendants violated his, his fiance's, and his two daughter's rights when Green, his parole officer, ordered Madre to falsify her police report. He generally alleges that Prudhomme, Dean, Stevens, Norton and the New Orleans Parole office went along with the fraud.

He further alleges that there were some national guardsman involved but he does not know what any of their names are. He further alleges that he would like the Court to make right the wrong that was done to him and his family. Additionally he alleges that as a result of the actions of the defendant, he lost the parental rights to one of his daughters because of the false police report. He seeks damages in the amount of $10,000,000 as compensation.

## II.     Standards of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176

(5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.   Analysis

Howard's complaint invokes the Court's jurisdiction under 42 U.S.C. § 1983.  Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The Supreme Court, however, has limited the availability of § 1983 actions for prisoners in certain instances.

Because there is no federal statute of limitations for § 1983 claims, the district court looks to the forum state's statute of limitations for personal injury claims.  *Board of Regents of Univ. of New York v. Tomanio*, 446 U.S. 478, 483 (1980) (citing 42 U.S.C. § 1988); *Wilson v. Garcia*, 471 U.S. 261, 275 (1985) (§ 1983 actions are best characterized as personal injury actions); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)).  In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.[1]  *See Jacobsen*, 133 F.3d at 319 (citing  *Elzy v. Roberson*,  868 F.2d 793, 794 (5th Cir. 1989)).

For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action.  *Id*., at 319; *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).  In this case, Howard's cause of action

---

[1] Article 3492 provides that: "[d]elictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained.  It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage."

arises out of the alleged false police report which was written on October 31, 2008, which resulted in the loss of his parental rights to one of his daughters. Applying the prescriptive period, Howard had one year from that date, or until October 31, 2009, to timely file his § 1983 petition.

The record in this case reflects that Howard's complaint was filed by the Clerk of Court on June 4, 2010 , when pauper status was granted. In the *pro se* prisoner context, however, the date when prison officials receive the complaint for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *see also Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993) (pro se prisoner's objection to a report and recommendation deemed filed when given to prison officials for mailing). In this case, Howard submitted his handwritten complaint on May 28, 2010.[2]

As noted above, Howard's claims brought in this § 1983 action accrued by October 31, 2008. Howard had one-year from that date, or until October 31, 2009, to file his suit in accordance with La. Civ. Code art. 3492 as applicable to § 1983 *et seq*. He did not do so.

Therefore, Howard's petition deemed filed on May 28, 2010, was not filed within the one-year period required by law. His complaint should be dismissed as frivolous for that reason.

## IV. Recommendation

It is therefore **RECOMMENDED** that Wayne Howard's claims against Patrick Green, Virginia Madere, Amanda Prudhomme, Francisco Dean, Benny Stevens, Lyndsey Norton, and the New Orleans Parole Office be **DISMISSED WITH PREJUDICE** as time-barred.

---

[2] The Fifth Circuit has recognized that a mailbox rule applies to matters filed in the federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 2nd day of February 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.